**Charles MONTAGUE and Mitra Ghobadimanesh, Plaintiffs,**

v.

**Edwin MEESE III, United States Attorney General, Alan Nelson, Commissioner, United States Immigration and Naturalization Service, and Ronald Chandler, District Director, United States Immigration and Naturalization Service, Defendants.**

**Civ. A. No. 3–87–2827–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 10, 1988.

Brian K. Bates, Dallas, Tex., for plaintiffs.

Marvin Collins, U.S. Atty. by Myrna Silen, Asst. U.S. Atty., Dallas, Tex., for defendants.

MEMORANDUM OPINION
AND ORDER

SANDERS, District Judge.

Before the Court are Defendants' Motion to Dismiss, filed December 16, 1987; Plaintiffs' Response, filed December 23, 1987; Plaintiffs' Supplemental Brief, filed January 19, 1988; and Defendants' Response, filed January 22, 1988.

Plaintiff Ghobadimanesh is a citizen of Iran who entered the United States in May, 1984 as a nonimmigrant fiancee of a United States citizen pursuant to 8 U.S.C. § 1101(a)(15)(K). She did not marry her fiancé and in September, 1984 the Immigration and Naturalization Service ("INS") in-

stituted deportation proceedings against her. In her deportation proceedings, Ghobadimanesh applied for asylum, which was denied by the Immigration Judge in June, 1985. She appealed to the Board of Immigration Appeals which affirmed the decision to deny the application for asylum in October, 1987. Ghobadimanesh was given 30 days in which to voluntarily depart the United States. On November 4, 1987 she requested an extension of her voluntary departure date; this request was denied on December 4, 1987. On December 1, 1987 this suit was filed by Ghobadimanesh and Montague, her new United States citizen fiancé, to challenge the constitutionality of two sections of the Immigration Marriage Fraud Amendments of 1986.

Immigration law provides that marriage to a United States citizen renders an alien spouse classifiable as an "immediate relative" exempt from numerical visa quotas. 8 U.S.C. § 1151(b). Immediate relatives may also apply to adjust their status to that of a lawful permanent resident. 8 U.S.C. § 1255. This procedure would be available to Ghobadimanesh even after the conclusion of her deportation proceedings, but for 8 U.S.C. §§ 1154(h) and 1255(e) which were added pursuant to the Immigration Marriage Fraud Amendments of 1986. These sections provide that an immediate relative petition cannot be based upon a marriage which was entered into while "administrative or judicial proceedings are pending regarding the alien's right to enter or remain in the United States" (i.e. deportation proceedings), until the alien has resided outside the United States for two years. 8 U.S.C. §§ 1154(h). Further, the alien spouse cannot apply for adjustment of status if the marriage is entered into during this same time period. 8 U.S.C. § 1255(e). Plaintiffs are challenging the constitutionality of these two sections.

Defendants' Motion to Dismiss is based in part on Plaintiffs' alleged lack of standing to challenge 8 U.S.C. §§ 1154(h) and 1255(e).[1] Defendants contend that Plaintiffs lack standing because the sections they are challenging apply to married persons[2], but Plaintiffs are not married and have decided not to marry at this time. Plaintiffs contend that they intend to marry, but they do not want to marry at this time because it will result in a two year separation while Ghobadimanesh resides outside the United States as required by 8 U.S.C. § 1154(h). The Court notes, however, that if Plaintiffs do not marry now it is uncertain whether they will ever be able to reunite. Plaintiff can travel only to Iran and, once there, it may be doubtful whether she can secure the necessary exit visas to leave. Plaintiffs claim "they are damned if they do, and damned if they don't"; however, the lesser of the damnations would appear to be the two year separation if they marry rather than a possible permanent separation if they do not. As married persons Plaintiffs would more likely have had standing to challenge the constitutionality of the 1986 Marriage Fraud Amendments.[3]

The issue, then, is whether Plaintiffs as unmarried persons have standing to sue. Standing requirements have been drawn from two sources, constitutional and prudential. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3531 (1984). At issue in this case are the threshold requirements attributed to the "case" and "controversy" terms that define the federal judicial power in the U.S. Constitution Article III. The Supreme Court has held that

> at an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual *or threatened* injury as a result of the putatively illegal the statutory definition of an immediate relative.

**1.** As part of the standing argument Defendants also allege that no case or controversy is before the Court.

**2.** The definition of "immediate relatives" includes children, *spouses,* and parents of a United States citizen. 8 U.S.C. § 1151(b) (emphasis added). Ghobadimanesh does not fall within

**3.** The Court notes that Plaintiffs claim to "genuinely intend to marry." *See* Plaintiffs' Supplemental Brief and attached affidavits.

conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 475, 102 S.Ct. 752, 758, 760, 70 L.Ed.2d 700 (1982) (citations omitted) (emphasis added).

Defendants contend that Plaintiffs have suffered no actual or threatened injury: the statute pertains only to married persons who have applied for immediate relative status and adjustment of status; Plaintiffs are not married and have made no application. Plaintiffs claim that the statute affords Defendants no discretion, alleging that if Plaintiffs were married and filed an immediate relative petition and application for adjustment of status, Defendants must deny them until Ghobadimanesh resides outside the country for two years. Therefore, Plaintiffs contend they have standing because the injury suffered would be no more certain, nor would the legal issues be any clearer, if the Plaintiffs were already married. In summary, they contend they have suffered a sufficient threatened injury to maintain standing.

In addition to the cases cited by Plaintiffs in their first brief in support of the concept that standing is generally available for future injury, Plaintiffs have cited two additional cases which they say are directly related to this case. In the first case, *Florida Sugar Cane League, Inc. v. Usery,* 531 F.2d 299 (5th Cir.1976), the issue of the plaintiff's standing was never discussed by the court. The second case, *Itzcovitz v. Selective Service,* 447 F.2d 888 (2d Cir.1971), is more on point. In *Itzcovitz,* the plaintiff, a permanent resident alien, sought declaratory judgment enabling him to leave the United States for a brief time without being declared an excludable alien upon his return. The district court did not reach the merits, but found the case unripe until the plaintiff left the country and was subjected to exclusion proceedings upon his return. The Second Circuit disagreed and concluded that the case was ripe because of the high probability that the Immigration Service would seek to exclude the plaintiff upon his return, the hardship to the plaintiff if the court dismissed, and the fitness of the issue for judicial decision. The plaintiff's standing was not addressed; however, there is a close relationship between ripeness and standing, especially where standing is questioned because the anticipated injury is too remote. 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3531.12 (1984).

*Itzcovitz* is distinguishable from the case at bar. In *Itzcovitz,* the plaintiff's only way of assuring ripeness or standing was to leave the country and suffer the significant hardship of being excluded upon his return. In the present case, Plaintiffs could likely have assured standing by doing the very act they say they have every intention of doing at some later date, *viz.,* marriage.

Plaintiffs have no standing to maintain this suit. Although standing can rest on threatened injury, in this case that possibility is insufficient and too remote to support standing. The Court has nothing more than Plaintiffs' assurances that they *intend* to marry and file a petition for immediate relative status and an application for adjustment of status at some later date. Intentions involving matters of the heart are notoriously fickle and are not sufficient to support standing. Accordingly, Defendants' Motion to Dismiss for lack of standing is GRANTED and this case is DISMISSED at Plaintiffs' cost. *See Fed.R. Civ.P.* 12(b)(1).

SO ORDERED.